```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-20266-Civ-GOLD
                                       (06-20654-Cr-GOLD)
                              MAGISTRATE JUDGE P. A. WHITE

MILTON MALOY WALKER,          :

        Movant,               :

v.                            :      REPORT OF
                                     MAGISTRATE JUDGE
UNITED STATES OF AMERICA      :

        Respondent.           :
_____
```

## Introduction

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking his sentences for conspiracy to possess with intent to distribute five grams or more of crack cocaine and carrying a firearm during and in relation to a drug trafficking offense entered following a guilty plea in case no. 06-20654-Cr-Gold.

The Court has reviewed the motion (Cv-DE#1), the government's responses with exhibit (Cv-DE#5), the movant's reply (Cv-DE#8), the Presentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

The movant raises the following two claims:

> 1. He is entitled to vacatur of his sentence for carrying a firearm during and in relation to a drug trafficking crime pursuant to the recent Supreme Court decision in Watson v. United States, ___

U.S. \_\_\_, 128 S.Ct. 579 (2007).[1]

2. He is entitled to a reduction in his sentence for conspiracy to possess with intent to distribute 5 grams or more of crack cocaine based on Amendment 706 to the U.S. Sentencing Guidelines relating to cocaine base offenses.

## Procedural History

The procedural history of the underlying criminal case reveals that the movant was specifically charged with and pleaded guilty to conspiracy to possess with intent to distribute five grams or more of crack cocaine (Count 1) and carrying a firearm during and in relation to a drug trafficking offense (Count 5). (Cr-DE#s3,50). On March 16, 2007, the movant was sentenced to a term of 120 months in prison as to Count 1,[2] followed by a consecutive 60 months in prison as to Count 5. (Cr-DE#63). The judgment was entered by the Clerk on March 19, 2007. (Id.). No direct appeal was filed. (Cv-DE#1). The judgment became final at the latest on April 2, 2007, when time expired for filing a notice of appeal.[3] At the latest,

---

[1] In Watson, the Supreme Court recently determined that "a person does not 'use' a firearm under §924(c)(1)(A) when he receives it in trade for drugs." Watson, supra.

[2] The probation officer determined that, based on a total adjusted offense level 25 with a criminal history category III, the movant's guideline range was 70 to 87 months in prison. (PSI ¶84). However, the probation officer indicated that, pursuant to U.S.S.G. §5G1.1(b), where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence. (Id.). As noted in the PSI, Count 1 carried a statutory minimum mandatory term of 10 years in prison pursuant to 21 U.S.C. §§841(b)(1)(B) and 851, and five years as to Count 5 for violation of 18 U.S.C. §924(c)(1)(A). (PSI ¶83).

[3] Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing a direct appeal expires ten days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(I). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6). On December 1, 2002,

the movant was required to file this motion to vacate within one year from the time the judgment became final, or no later than December 13, 2007. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986). This motion was timely filed on January 17, 2008, less than one year from the time the movant's conviction became final.[4]

### Discussion of Claims

In **claim one,** the movant asserts that he is entitled to vacatur of his sentence for carrying a firearm during and in relation to a drug trafficking crime pursuant to the recent Supreme Court decision in Watson v. United States, ___ U.S. ___, 128 S.Ct. 579 (2007). According to the movant, he never actively employed the firearm during the drug offense and therefore could not have been convicted of a violation of §924(c).

It should first be noted that this claim is procedurally barred from review in this collateral proceeding. There are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from failure to appeal. Belford v. United States, 975 F.2d 310 (7th Cir. 1992), overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994).

---

Fed.R.App.P. 26 which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days.

[4] See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

As cause for the procedural default of this claim, the movant appears to argue that counsel was ineffective for failing to pursue the issue pretrial and on appeal. (Cv-DE#1:6). A claim of ineffective assistance of counsel may constitute cause for failure to previously raise the issue. United States v. Breckenridge, 93 F.3d 132 (4 Cir. 1996). Attorney error, however, does not constitute cause for a procedural default unless it rises to the level of ineffective assistance of counsel under the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984); Murray v. Carrier, 477 U.S. 478, 488 (1986).

As will be recalled, the movant was charged in Count 5 with carrying or possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §924(c).[5] (Cr-DE#). In United States v. Timmons, 283 F.3d 1246, 1252 (11th Cir. 2002), the Eleventh Circuit "analyze[d] ..., for the first time, the sufficiency of the evidence required to support a conviction for possession of a firearm in 'furtherance of' a drug trafficking crime," concluding that a conviction under that portion of §924(c) requires that "the prosecution establish that the firearm helped, furthered, promoted, or advanced the drug trafficking." Id. (citation omitted). The Eleventh Circuit explained that Congress intended that the government be required to "illustrate through specific facts, which tie the defendant to the firearm, that the firearm was possessed to advance or promote the criminal activity."

---

[5]Title 18 U.S.C. § 924(c) provides in pertinent part that "[E]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--(I) be sentenced to a term of imprisonment of not less than 5 years[.]" 18 U.S.C. §924(c)(1)(A).

Id. In other words, "there must be 'a showing of some nexus between the firearm and the drug selling operation.'" Id. at 1253.

The stipulated[6] facts agreed to by the movant at the change of plea hearing, as well as, the facts as contained in the PSI reveal that the movant was in charge of a drug hole he operated out of his apartment wherein he sold crack cocaine on multiple occasions to a confidential informant ("CI"). According to the CI, the movant was always armed in order to protect his drug business. Specifically on January 24, 2006, the CI paid $550.00 to the movant, for the purchase of a clear baggie full of crack cocaine. Again, on January 31, 2006, arrangements were made between the CI and the movant, at which time the undercover agent purchased an additional 15 grams of crack cocaine for $450.00.

On February 21, 2006, the CI was debriefed concerning recent firearm acquisitions by the movant. According to the CI, Jermaine Thomas, the movant's drug supplier, had also provided the movant with three firearms, to-wit, an M-15 type rifle, a 9mm pistol, and a .357 pistol, so that the movant could protect his drug hole. Thereafter, the CI contacted the movant about purchasing additional drugs and possibly a firearm.

On February 23, 2006, the movant sold the undercover agent a Smith and Wesson .38 revolver, which was fully loaded with six rounds of Federal Cartridge Company, .38 special high pressure ammunition. The agent thanked the movant for providing the firearm, to which the movant responded that it was a "big" gun.

---

[6]Sworn admissions carry a strong presumption of truthfulness and pose a "formidable barrier in subsequent collateral proceedings." See Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Sometime thereafter, an additional crack cocaine purchase was made, and a discussion ensued regarding whether the movant could obtain another firearm because the CI had lost the one the movant had sold him. Eventually the movant was arrested. After being advised of and waiving his rights, he advised police that he purchased and sold stolen firearms from "crack heads" in the Carol City area. He stated that the firearm he sold the undercover agent had been obtained in such a manner.

As previously discussed, the government established the required nexus between the firearm and the drug trafficking offenses, and a reasonable jury could have concluded that the evidence established the movant's guilt beyond a reasonable doubt. United States v. Timmons, supra; United States v. Suarez, 313 F.3d 1287 (11th Cir. 2002)(There was sufficient evidence that defendant possessed firearm in furtherance of a drug trafficking crime where: (1) the defendant's residence, where the firearms were recovered, was the initial delivery point of the drugs from Mexico; (2) the firearms recovered from the residence consisted of the civilian version of an AK-47, two semi-automatic rifles, a sawed-off shotgun, two semi-automatic pistols, and a Tech .9 millimeter Intertech pistol; (3) the firearms were distributed in several different places and were easily accessible; (4) two of the firearms were illegally shortened; and (5) none of the firearms was of a type typically used for a legal purpose, such as hunting.); see also, United States v. Smith, 173 Fed.Appx. 742, 746 (11th Cir. 2006).

In this case, there was sufficient evidence adduced at the change of plea proceeding that the movant possessed a firearm in furtherance of a drug trafficking crime where the movant always possessed a firearm to protect the drug hole where he sold drugs to

the CI and others; and, in fact, sold crack cocaine and a loaded firearm to the CI. Thus, counsel was not ineffective for failing to pursue this nonmeritorious issue.

The movant's claim of innocence based on the recent Supreme Court decision in Watson is also unavailing as Watson is factually distinguishable from this case. There is no showing here that the movant bartered drugs to receive guns, which under Watson would have precluded a conviction for using a firearm under 18 U.S.C. §924(c). See also United States v. Montano, 398 F.3d 1276 (11th Cir. 2005). In Montano, the defendant met with a confidential informant, indicated his desire to obtain guns, and agreed to exchange drugs for the firearms. Id. at 1278. After the defendant produced the drugs, he was arrested. Id.

In this case, the movant carried or used the firearm to protect his drug hole while he sold crack cocaine to the CI and others. There was no exchange of drugs for firearms that the CI was procuring. Under these circumstances, Watson does not apply and the movant is not entitled to relief on this claim. The movant has therefore failed to establish either deficient performance or prejudice arising from counsel's failure to pursue this nonmeritorious claim either pretrial or on appeal.

In **claim two**, the movant asserts that he is entitled to a reduction in his sentence for conspiracy to possess with intent to distribute 5 grams or more of crack cocaine based on Amendment 706 to the U.S. Sentencing Guidelines relating to cocaine base offenses.

While this §2255 motion was pending, the government filed in the underlying criminal case a request that the court treat the

claim raised in this collateral motion as a criminal motion for sentence reduction pursuant to 18 U.S.C. §3582(c)(2). (Cr-DE#69). The government acknowledges that the movant is entitled to a two-level reduction in his base offense level pursuant to the recent guideline amendments. The government maintains, however, that the reduction is of no import because the movant's sentence was enhanced pursuant to the government's §851 information.

In the underlying criminal case, the district court has appointed the Federal Public Defender to represent the movant regarding the §3582 reduction based on the recent guideline amendment. It is axiomatic that the district court had the discretion whether or not to apply the amendment. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998); see also, U.S.S.G. §1B1.10. This claim is more properly brought before the court pursuant to §3582(c)(2). As the issue is currently pending before the district court, the undersigned takes no position on whether the district court should reduce the movant's sentence accordingly. Thus, this claim should be dismissed as duplicative of the claim raised in the underlying criminal case.

## Conclusion

It is therefore recommended that this motion to vacate be denied as to claim one, and as to claim two, it should be dismissed as duplicative in that the claim is currently pending in the underlying criminal case.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 24th day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Milton Maloy Walker, <u>Pro Se</u>
Reg. No. 77013-004
F.C.I.-Miami
P.O. Box 779800
Miami, FL 33177

Michael E. Gilfarb, AUSA
U.S. Attorney's Office
99 N.E. 4th Street
Miami, FL 33132